USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/21/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH MCKEVITT,

Plaintiff,

-v-

FLEXIBILITY CAPITAL INC., et al.,

Defendants.

26-cv-3980 (LJL)

ORDER

LEWIS J. LIMAN, United States District Judge:

Plaintiff has submitted a Notice of Voluntary Dismissal. Under Second Circuit law, when a plaintiff files a notice of voluntary dismissal with prejudice under Rule 41(a)(1)(A)(ii) in a Fair Labor Standards Act cases like this one, a district court should inquire as to the existence of any FLSA Settlement. *See Fisher v. SD Protection Inc.*, 948 F.3d 593, 600 (2d. Cir. 2020); *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). If any FLSA settlement has been reached, the district court should "engage in a *Cheeks* fairness review." *Samake v. Thunder Lube, Inc.*, 24 F.4th 804, 811 (2d Cir. 2022). "[I]n the absence of settlement, the notice of dismissal should be so-ordered." *Id.*

The Plaintiff's Notice of Voluntary Dismissal does not indicate whether a settlement has been reached. Accordingly, by **August 7, 2026**, the parties should advise the Court by letter whether they have reached a settlement in this action. If they have, the parties must submit to the Court a joint letter explaining the basis for the proposed settlement and why it should be approved as fair and reasonable, with reference to the factors discussed in *Wolinsky v. Scholastic*, Inc., 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012). The letter should address any confidentiality provisions, non-disparagement provisions, or releases in the proposed settlement agreement. The

letter should also address, if applicable, any attorney's fee award to plaintiff's counsel (with documentation to support the latter, if appropriate) consistent with the principles set forth in *Fisher*, 948 F.3d at 600. It is not sufficient to state the proportion of the requested attorney's fee to the overall settlement amount. Rather, the reasonableness of attorney's fees must be evaluated with reference to "adequate documentation supporting the attorneys' fees and costs," which "should normally [include] contemporaneous time records indicating, for each attorney, the date, the hours expended, and the nature of the work done." *Id.*; *see Strauss v. Little Fish Corp.*, 2020 WL 4041511, at *9 (S.D.N.Y. July 17, 2020) (discussing the requirements for adequately justifying an attorney's fee). Failure to provide the appropriate or sufficient documentation could result in the Court rejecting the proposed fee award.

The parties are directed to appear telephonically for a settlement fairness hearing on August 11, 2026 at 2:00 p.m. Plaintiff is requested to appear at the hearing and, if necessary, with an interpreter. The parties are directed to dial 646-453-4442 and input conference ID 358639322. The parties will be relieved of this requirement if the notice of dismissal is not the product of a settlement.

Any pending motions are DISMISSED as moot, and all conferences and deadlines are CANCELLED, including trial and pretrial deadlines.

SO ORDERED.



Dated: July 21, 2026
New York, New York

LEWIS J. LIMAN
United States District Judge